and we'll move on to the next case Randolph v. Griffin hi good morning your honors um may it please the court this is Lauren Cappaccio for plaintiff appellant Leonard Randolph morning uh good morning my client uh Leonard Randolph testified under oath that several corrections officers at the Southport Correctional Facility handcuffed him in a cell before daily rec and then unprovoked kicked him repeatedly and beat him with closed fists and a baton he testified that this assault continued even in the presence of two supervisory officials who did nothing to intervene and in fact won't even participated in the attack the COs concede using force against Randolph unsurprisingly appellees otherwise deny that the incident happened as Randolph says it did but this merely confirms the existence of multiple he said they facts underlying the elements of Randolph's claims and it is hornbook law that those disputes can only be resolved at trial by a jury and not by the district court on summary judgment our brief catalog numerous examples of the district court misapplying that standard and well-settled eighth amendment principles i'd like to briefly address appellee's affirmative defense the summary judgment record revealed the system at Southport where Randolph had to rely on officers to deposit his for review therefore appellee's evidence that the CORC did not receive Randolph's appeal fails to prove that Randolph did not exhaust all available administrative remedies what happened after Randolph gave it to a guard was quite literally out of his hands and remains highly disputed but on summary judgment the court must take Randolph at his word and not the officers indeed even the district court here found Randolph's testimony raised factual questions whether he submitted his grievance appeal but prison officials disregarded it uh with that we would posit that this case is a quintessential um case for summary uh in which summary doesn't should have been denied and i'm happy to answer any questions you have may i wildly over just fact wildly over oversimplify and ask whether your position is essentially that the question there's there's uh there's evidence on both sides uh uh as to whether it was objectively excessive or was done with one state of mind and since there's evidence or testimony which is evidence on both sides it's therefore a question for for uh the finder of fact and not for the uh not as a matter of law that's correct um our position is Randolph uh testimony is competent evidence that the district court should have credited um on summary judgment and when you're presented with Randolph's testimony on one side and the officer's testimony on the other side that you know the only way to resolve those is to make a choice between competing events which is you know exactly the point of having a jury there are cases where uh this is judge chin there are cases where if all you have is the um the plaintiff's affidavit that there may be circumstances where it's not good enough i i gather your position is this is not one of those cases this is not one of those cases um i mean this court has made clear that you know for example the jeffrey's case is an extraordinary case and having inconsistencies um or just you know the the plaintiff's evidence alone um in a normal case is sufficient for summary judgment and only in the rare case where for example in jeffrey's the plaintiff's testimony was so internally inconsistent that a judge couldn't just credit it because you know half of it said something i said you know version a and half of it said version b and the only way to you know view the evidence in the light most favorable to the plaintiff was to make a credibility determination amongst the plaintiff's own this is not here there were some inconsistencies though right very minor inconsistencies and i would also say that in this case it's not just that randolph is relying on his testimony alone there was corroboration in the medical evidence in the record that he he did sustain some injuries after the use of force the fact that you force was used against him is not in dispute only the justification for the use of force and i think on the objective prong in particular you know even even the defendant's version of events that they tackled him to the floor and held him until he stopped resisting if they didn't have a justification for doing that that alone would constitute an objectively non-de minimis use of force and would suffice for purposes of an eighth amendment claim the only the only real question and dispute here is whether or not there was a legitimate penological need for the force whether and therefore whether or not they acted in good faith or bad faith and randolph's testimony alone that you know among other things that they cursed at him potentially in retaliation for previously reporting on an incident involving one of the officers to the supervisors the fact that he was complying at all times during during the attack the fact that he was recovering from an injury and therefore unlikely to be resisting all of that you know drawing reasonable inferences and randolph's is you have to on summary judgment should suffice to make out a dispute of facts on whether or not the officers actually acted in bad faith is it's your view that it seemed to me that judge scrutiny took a look at the medical evidence and seemed to imply that while he exhibited certain symptoms of of swelling or bruising that they weren't they didn't seem to match up with with the with the uh characterization of randolph's of the assault is um is there a problem from your standpoint did is that a function of his error also or what do you make it almost as if he was concluding that it couldn't be excessive force given what the results were that is what uh judge scrutiny did and i'd say there's two problems with one is that you know scott is on all fours here and explicitly rejected relying on disparity between medical records and an inmate torn statement to grant summary judgment because that necessarily involves the kind of impermissibility credibility determination and weighing of contradictory proof that is forbidden at summary judgment and second i'd say what the district court here did was conflate the evidence of perhaps non-serious injuries with with the ultimate core inquiry of whether or not a de minimis use of force would you know whether the officers used more than a de minimis use of force and the supreme court couldn't be clearer that you know gratuitously beaming an inmate is not a de minimis use of force whether or not significant injury is present um and the fact that an inmate has the quote good fortune to escape without serious injury does not preclude him from bringing an eighth amendment claim okay thank you you have one minute um i'll reserve that time for a rebuttal then okay thank you we'll hear from the other side may it please the court brian ginsburg for the docs officials uh can everyone hear me yes docs regulations provide that if an inmate files an filing within 45 days he quote should contact the inmate grievance program supervisor there is no dispute that plaintiff who never received such notice failed to contact the igp supervisor upon the expiration of that 45-day period accordingly summary judgment is properly affirmed because plaintiff failed to exhaust that particular administrative remedy this is true even though the remedy is phrased in permissive rather than mandatory terms for three reasons first is the text of the plra the statutory text of 1997 e sub a only requires the exhaustion of available quote administrative remedies no qualifying language restricting it to mandatory administrative remedies number two as a matter of legislative intent interpreting that phrase administrative remedies to include permissive remedies further helps quote afford corrections officials time and opportunity to address complaints internally one of the policy objectives of the plra identified by the supreme court and then the third reason is is there anything is there anything to suggest what would have happened if he had contacted the sure there is one way or the other well i mean i suppose what would have had what would have happened is uh based upon the evidence in the record the igp supervisor would have said hey we don't have any record of you filing this appeal uh so please uh you know it depended it would depend on what the what petitioner's inquiry would have been i mean the what prisoners are is is make this sort of inquiry and you they combine it with a request for an extension of time to the extent that um that that one is necessary so hey prison what's happening with my cork appeal and by the way if it was mishandled or misplaced in any way please grant me an extension of time to file a new one uh and as far as the record indicates um he would have been uh as far as i can see he would have been that that request would have been entertained but again the question for exhaustion is uh not whether um this remedy would have been effective in any given case or whether it would have served all of the plra's purposes in any given case although we do think it would have done so here uh but the question is whether it was one of as supreme court said quote all steps that the agency holds out and this follow-up procedure this 45-day follow-up procedure is one of those steps i take it the district court declined to address this issue the district court declined to address this issue it found um that that's right it declined to address this issue although this court certainly can do so based on the wait wait wait you say we certainly can do so why so certain oh i mean you normally normally it's something uh that would be addressed there quite make be questions of backing ball i was thinking that ordinarily you would expect it to be addressed in the first instance by the trial court ordinarily i would expect it to be addressed in the first instance by the trial court and we certainly made this argument in the first instance by the trial court but this court regularly can and does affirm on alternative grounds and here again there's no factual dispute uh that plaintiff should have but did not take advantage of this 45-day follow-up procedure and even though the procedure is phrased in permissive terms uh this court albeit in a summary order uh has acknowledged that permissive uh procedures are just as much a part of the phrase in mandatory terms uh and the case is a recent one called medina versus napoli why don't we what why don't we move on to the merits i mean if if we reach the merits i mean why aren't there issues of fact uh jumping out here your honor i'm happy to rest on our brief for the merits we do think this is a case that comes within the ambit of jeffries and those extraordinary cases where contradictions are so replete uh he both the contradictions within plaintiff's evidence and contradictions between plaintiff's testimony and the contemporaneous evidence that bring this within the universe of cases where some comparison can be done but i'm not sure i have too much to add beyond uh what uh what we what we explained in our brief i really do think though that this case is primed for an affirmance on alternative ground on exhaustion because as far as the 45 day procedure goes uh the record is clear there is no factual dispute that upon the expiration of that 45 day period petitioner plaintiffs did not uh contact the igp supervisor and say hey where is my appeal um and again even though that was permissive that was the main argument that the plaintiff makes in her in his reply brief uh this court in the medina case that i just referenced and in fact there's a circuit split on the issue um but uh the first circuit the third circuit the fifth the sixth and the seven uh all uh conclude that even where procedures are permissive uh they can they are still uh part of the scope of administrative remedies uh that must be exhausted in fact the only outlier circuit that we've been able to find is the 11th circuit and again this court hasn't confronted the issue in a published opinion uh but it has held as much uh in uh in a non-precedential summary order right that's correct that's correct the non-precedential summary order uh but again we think it's not i'm sorry you're right i'm just i was just making fun of ourselves not of you that's fine yeah you know i i know there are very various views about uh about how summary order should be should be used we're certainly well well attuned to that uh that ongoing debate uh but even though this court has not held as much in something in in f third uh i mean the statutory text which is what all these other circuits that i just recited rely upon sometimes in published opinion uh they the statutory text is where it comes from the the inmate has to exhaust administrative remedies that are available there's no differentiation between mandatory administrative remedies permissive administrative remedies uh and the like uh so we do think that that's the clearest way forward on this case uh and uh so we'd ask for an affirmance uh particularly on that exhaustion ground uh and all right thank you we'll hear uh thank you uh thank you your honors um just quickly to respond on the merits to something that um the counsel for appellees said to compare this case to jeffrey's he said that uh he accused randall's testimony being so replete with inconsistencies and yet one of the main ones that they rely on in their brief is the idea that he testified at his uh inmate grievance that he had been partially dragged and then testified later in a deposition that he was half dragged that is such a far cry from jeffrey's is to make the invocation of the case completely incredible and on the exhaustion point i'm i'm not familiar with the medina case that um council has just referenced it wasn't cited in their brief i'm happy to if he provides a site to find it afterwards and submit a supplemental letter but i think the the precedent of discord and espanol applying jones the supreme court case made clear that while exhaustion is mandatory the requirements that an inmate must do to exhaust are set out by whatever prison regulations they are operating under and appellees concede even today that the 45-day check-in that they reference is is a permissive one um and here it's so you know it is you have to speculate to just to conclude as appellees have that it would make a difference because was there what it was their discussion uh uh or briefing in the district court on the 45-day rule there was um and it was that it i mean again we don't have we don't have a ruling from the district court on it other than that it raises disputes the fact but um it was certainly part of the defendant's argument for exhaustion and our response is the same i i was not responsible for the district court briefing but our response is the same one that we do today that you know it explicitly says that an inmate may follow up after 45 days but does not require them to do so and here in particular there are other regulations that say that under no circumstances may an extension of time to appeal be granted after 45 days so it's like how could an inmate comply with that if you wait 45 days then your appeal is forfeited because there's no opportunity to get an extension of time to file and in their brief appellees referenced this other idea that he could have petitioned or filed a new grievance on the idea that he had been improperly denied an extension of time but the the set um the regulation that they referenced there is also phrased in permissive terms that an inmate may pursue a complaint that an exception to the time was denied by filing a separate grievance and so when you add all of this up we're getting very close to the the concept um articulated by the supreme court in frost that you know the question is whether a remedy is effective and whether a remedy is available to an inmate and if it's just jumping through hoops to file complaint after complaint only to be hit by procedural bars every step of the way that's not a grievance process that is available and was not available to if if the court has any further questions i'm happy to answer them otherwise we'll rest on our briefs as well thank you very much uh the court will reserve decision that completes the cases to be argued this morning um stay safe everyone i'll ask the deputy to adjourn four cents adjourned